(8 Misc. Rep. 277.)

## DEARING v. PEARSON.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

APPEAL—PRACTICE—SETTLEMENT OF CASE.

    Settlement of case on appeal by the trial judge is conclusive, where the facts are disputed. 26 N. Y. Supp. 74, affirmed.

Appeal from city court, general term.

Action by Nina H. Dearing against Aylma Y. Pearson. From an order of the city court (26 N. Y. Supp. 74) affirming an order denying a motion for a resettlement of the proposed amendment of case on appeal, defendant appeals. Affirmed.

Argued before BOOKSTAVER, P. J., and BISCHOFF and PRYOR, JJ.

Artemas B. Smith, for appellant.

David Leventritt, for respondent.

BISCHOFF, J. The action was to recover damages for plaintiff's wrongful discharge from defendant's employment under a contract for theatrical services, and resulted in a verdict and judgment for plaintiff. Feeling aggrieved, defendant undertook to appeal to the general term of the court, and, towards that end, made and served his proposed case on appeal. To the proposed case, plaintiff caused a proposed amendment to be served, which, on settlement of the case, was allowed. Thereafter, defendant moved to have the case resettled, and the amendment disallowed, which was denied; and, from the order denying his motion, defendant appealed to the general term of the court below, where it was affirmed. From the order of affirmance, this appeal is taken.

On the trial there was some contention on defendant's part concerning the service of an alleged notice of defendant's election to terminate the contract of employment. The proposed case on appeal from the judgment contained a request by defendant's counsel to charge as follows: "I ask the court to charge that, if the jury believe the custom as to two weeks' notice existed, they must give only salary for the two days short of the two weeks,"—to which the trial justice responded, "Declined." From the proposed case, it then appeared that the trial justice proceeded to charge, "But I charge that, in that event, that would be the extent and limit of the damages recoverable by her in this action;" and then followed defendant's exception. The purport of defendant's motion for resettlement of the proposed case on appeal was to have the matter appearing as charged expunged, so that defendant's exception would appear as having been taken to the refusal to charge. On the motion for resettlement of the case, it appeared, for defendant, from the stenographer's minutes, and the affidavits of Messrs. Bowman

and Close, that the matter purporting to have been charged was in fact not charged, while, from the affidavits of plaintiff's counsel, Messrs. George M. Leventritt, Levy, and Helling, it appeared that the matter was charged pending a colloquy between the trial justice and counsel for the respective parties,—if not in the exact language of the case, in substance. Upon this conflict of evidence, we are obviously unable to say that the trial justice erred in his denial of defendant's motion, and must assume that, assisted by his own recollection, the justice determined plaintiff's contention to accord with the actual occurrences. An appellate court will never presume that the court from which the appeal is taken erred; and it is incumbent, therefore, upon the appellant, in every instance, to show the error complained of affirmatively. It was the province of the general term of the court below to correct any error appearing from the preponderating effect of the evidence, but the order of affirmance is conclusive upon us in that regard. At any rate, the error, if any, of the denial of defendant's motion, was rendered harmless by the stipulation of counsel that the appeal from the judgment be heard and determined without reference to the matter sought to be expunged from the case, and that the case on appeal from the judgment be, for that purpose, deemed amended so as to conform to defendant's contention on the motion for resettlement. Our opinion in the disposition of the appeal from the judgment is evidence that the stipulation was acted upon on our part. Order affirmed, but, in view of the stipulation referred to, without costs to either party, as against the other.

BOOKSTAVER, P. J. In as far as the appeal from the order is concerned, I concur.